THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No.  CR-11-12Z |
| vs. | ORDER |
| WAYNE P. GROEN, | |
| Defendant. | |

THIS MATTER comes before the Court on defendant Wayne Groen's motion for a new trial, docket no. 83.  Having reviewed the papers filed in support of, and opposition to, defendant's motion, the Court enters the following Order.

**I.     BACKGROUND**

This case arises out of an incident that took place on September 22, 2010, in Whatcom County, Washington, near the Canadian border.  That evening, a helicopter piloted by agents David Simeur and Eric Hausner of the United States Customs and Border Patrol ("USCBP") was flying near the border, operating in support of law enforcement on the ground.  As the helicopter approached the defendant's property, a

ORDER - 1

spotlight targeted the aircraft and temporarily blinded the pilots, who were wearing night vision equipment.  Shortly thereafter, the helicopter returned to the area to attempt to locate the source of the spotlight.  A spotlight was again directed at the aircraft.  At trial the pilots testified that the second spotlighting incident did not incapacitate them, and they were able to direct a USCBP agent on the ground, agent Ramon Sandoval, to the source of the spotlight.  When agent Sandoval arrived at the location identified by the pilots, he encountered the defendant, who was in a vehicle on his property.  The defendant shined a spotlight on agent Sandoval as he approached.  Agent Sandoval testified at trial that he asked the defendant whether he had shined the spotlight on the helicopter, and the defendant responded affirmatively.

On January 12, 2011, the defendant was indicted on two counts:  (1) willfully interfering with or disabling a person on an aircraft with the intent to endanger the person, or with reckless disregard for the person's safety ("Count I"); and (2) willfully incapacitating a person on an aircraft, where the act of incapacitation is likely to endanger the aircraft ("Count II").  Indictment, docket no. 14.

On April 28, 2011, the jury returned a verdict acquitting the defendant on Count I, and convicting on Count II.  Verdict, docket no. 81.  Defendant now moves for a new trial on Count II.  Mot., docket no. 83.

## II.     DISCUSSION

"Upon the defendant's motion, the court may vacate the judgment and grant a new trial if the interests of justice so require."  Fed. R. Crim. P. 33(a).  "The district

court should grant a defendant's motion for a new trial 'only in exceptional cases in which the evidence preponderates heavily against the verdict.'" United States v. Fuller, 953 F.2d 1388 (9th Cir. 1992) (quoting United States v. Pimentel, 654 F.2d 538, 545 (9th Cir. 1981)).

The Court has previously addressed and rejected two of the three arguments defendant raises in his motion for a new trial. See Minute Entry, docket no. 58; Minute Entry, docket no. 80. Specifically, defendant contends that the Court erred when it granted the government's pretrial motion in limine and precluded the defendant from presenting testimony regarding the reputation of USCBP in the Whatcom County border community. The government had moved under Fed. R. Evid. 404(a)(2) to exclude testimony from residents living near the defendant about how USCBP agents are rude, disrespectful, and callous toward the community. The Court granted the motion and excluded the testimony. Minute Entry, docket no. 58. The defendant asserts that without this information, the jury was presented with an incomplete picture of the incident, which prejudiced him.

However, the parties thoroughly briefed the USCBP reputation evidence issue in pretrial motions in limine, and the Court is satisfied that the evidence was not relevant and would have served only to prejudice the jury and confuse the issues.

Defendant also argues that there was insufficient evidence to sustain the conviction on Count II. In particular, defendant contends that there was no evidence (1) that tied the defendant to the location where the spotlight was first shined on the

ORDER - 3

helicopter; or (2) that the spotlight the defendant had in his possession when he first encountered agent Sandoval was the same spotlight that blinded the pilots of the helicopter.  However, there was sufficient evidence for the jury to find the defendant guilty on Count II.  The pilots testified that the spotlight emanated from the defendant's property, and they directed agent Sandoval to that location.  When he arrived on the scene, agent Sandoval immediately encountered the defendant, who had a spotlight in his possession.  The defendant admitted shining that spotlight on the helicopter.  Taken together, there was circumstantial evidence that tied the defendant to the crime, and the jury could reasonably infer that the defendant shined a spotlight on the helicopter, and that the spotlight temporarily incapacitated the pilots.  Defendant has not met his burden to show that the evidence preponderates heavily against the verdict.  See Pimentel, 654 F.2d at 545.

Defendant raises one new argument that he contends warrants a new trial.  Specifically, defendant argues that the prosecution misstated the evidence in closing argument by incorrectly claiming that the defendant had "confessed" to committing the crime alleged in Count II.  Defendant contends that the government's misstatement was improper and influenced the jury's verdict.  Misstating the evidence is a form of prosecutorial misconduct.  United States v. Atcheson, 94 F.3d 1237, 1244 (9th Cir. 1996).  "To prevail on a motion for a new trial based on prosecutorial misconduct, a defendant must show that the conduct more probably than not materially affected the fairness of the trial."  Id.

Although not cited by the parties, at least one Ninth Circuit case has addressed the appropriateness of a new trial where the prosecution characterizes a defendant's informal statement to authorities as a "confession." United States v. Robledo-Vela, 45 Fed. Appx. 567, 568 (9th Cir. 2002).[1] In Robledo-Vela, the defendant was stopped at the Mexico-Arizona border and questioned by U.S. officials. Id. The defendant told investigators that there might be illegal drugs in his vehicle. Id. The defendant was arrested and charged with knowingly importing illegal drugs. Id. In the government's closing argument at trial, the prosecution repeatedly overstated the evidence, mischaracterizing the defendant's statement that there "might" be drugs in the vehicle as a "confession" that he knew there were drugs in his vehicle. Id. The defendant objected to the prosecution's statements, and the trial court instructed the jury to rely only on the evidence presented at trial. Id. The Ninth Circuit reversed the defendant's conviction and remanded for a new trial, holding that the prosecution's "serious and repeated factual misstatements" materially affected the fairness of the trial. Id.

In the present case, in contrast to the facts in Robledo-Vela, the prosecution did not repeatedly misstate the record over the defendant's objections. To the contrary, the prosecution referred to the defendant's statement as a confession once. See Opp'n Ex. C at 36:2-3, docket no. 84. In Robledo-Vela, the district court did not explicitly instruct the jury to disregard the prosecution's misstatements. See Robledo-Vela, 45

---

[1] Robledo-Vela is an unpublished Ninth Circuit opinion that holds no precedential value. Ninth Circuit Rule 36-3. Therefore, the case is not binding, and merely provides a helpful framework for the Court's analysis in the present case.

Fed. Appx. at 569 (noting that the trial court took minimal steps to mitigate the effects of the prosecution's misstatements when it only instructed the jury that they were to "rely on the testimony at trial" in their deliberations). Conversely, here, the Court immediately sustained the defendant's objection to the prosecution's argument, and expressly instructed the jury that there was no confession in this case. See Opp'n, Ex. C at 36:6-7, docket no. 84 ("Well, certainly there is no confession. I certainly agree with that, and the jury is so instructed."); see also United States v. Ramirez, 176 F.3d 1179, 1183 (9th Cir. 1999) (holding that a prosecutor's misstatement was not harmful where the judge gave a strong and specific curative instruction). "There is a strong presumption that juries follow curative instructions." Jules Jordan Video v. 144942 Canada, 617 F.3d 1146, 1159 (9th Cir. 2010). Consequently, the Court concludes that although the prosecution's mischaracterization of the defendant's statement to agent Sandoval as a "confession" may have overstated the evidence,[2] it did not materially affect the fairness of the trial. See United States v. Morsley, 64 F.3d 907, 913 (4th Cir. 1995) (holding that although the prosecutor's closing argument improperly characterized the defendant's statement to federal agents as a "confession," the error was harmless because the prosecutor's remarks were isolated and the court gave

---

[2] Although the Court concludes that it was probably inappropriate for the government to refer to the defendant's statement as a "confession," whether the reference arises to the level of prosecutorial misconduct is a close question. See United States v. Scott, 267 F.3d 729, 742 (7th Cir. 2001) ("The use of the word 'confession' without more . . . simply is not 'serious' misconduct, if misconduct at all."); United States v. Goodlow, 105 F.3d 1203, 1207 (8th Cir. 1997) (stating that the court was not "entirely convinced that the prosecutor's characterization" of the defendant's statements as a confession "amounted to misconduct.").

immediate curative instructions).  The Court therefore DENIES defendant's motion for a new trial, docket no. 83.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for a new trial, docket no. 83.

IT IS SO ORDERED.

DATED this 26th day of May, 2011.

/s/ Thomas S. Zilly

Thomas S. Zilly
United States District Judge